# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 4100 EASTON DRIVE, BAKERSFIELD, KERN COUNTY, et al.,<br><br>    Defendants. | Case No.: 1: 11-CV- 01687 AWI  JLT<br><br>ORDER GRANTING STIPULATED CLAWBACK AGREEMENT |

On January 5, 2012, the parties filed their joint scheduling report. (Doc. 12)  In it, the parties stipulated to a clawback agreement as follows:

Clawback Agreement:

1. Except as provided in Paragraph 3, before producing documents in response to a discovery request, counsel for the producing party, or persons acting under his or her direct supervision, shall review of all files and documents to be produced for privilege an analogous legal protections, and shall accompany its production or response with a privilege log, in compliance with Fed. R. Civ. P. 26(b)(5).

2. Provided that a party has performed a privilege review with reasonable diligence and has produced a privilege log, the producing party may request return of any privileged documents inadvertently produced, and inadvertent production will not be deemed a waiver of privilege.

3. Notwithstanding Paragraph 1, counsel for the producing party may notify the requesting party, at or before the time for production, of identified collections of electronic information that are being produced without privilege review because review would be unduly burdensome or would unduly delay the party's discovery

response. Upon such notification, the producing party may assert a claim of privilege within 10 court days after receiving notice that the receiving party intends to refer to, quote, cite, rely upon or otherwise use the information. Any such claim of privilege shall include all information required by Fed. R. Civ. P. 26(b)(5).

4. Subject to Paragraph 2, any privilege not asserted within the time allowed by Paragraphs 1 and 3 shall be presumed waived.

5. Once a document or information has been identified as privileged in accordance with Paragraphs 1 or 3, the recipient shall not copy, reproduce, refer to, quote, cite, rely upon or otherwise use in any manner, any such document or its contents in any proceeding unless and until the Court determines that the document is not protected from discovery or the producing party withdraws the claim of privilege, except that in support of any motion to compel release of information identified as privileged, a party may file, under seal, the information at issue. If the claim of privilege is upheld by the Court or if the receiving party agrees with the claim, all copies of the privileged documents shall be returned to the producing party. If notes or records concerning such documents have been made, the portions such note or record containing privileged information shall be destroyed, deleted, redacted, or returned to the producing party; and compliance with this requirement shall be confirmed in writing to the producing party.

6. If a party receives information that appears on its face to be privileged and inadvertently disclosed, the receiving party shall notify the producing party and shall not refer to, quote, cite, rely upon or otherwise use the information until the producing party has had an opportunity to object to the use of such information.

7. Nothing in this agreement shall prevent or limit counsel for the United States from disclosing a potential violation of federal or state law to any government body or representative, or from making any disclosure required by FOIA or any other applicable law.

8. The parties request that the scheduling order incorporate the terms of this agreement by reference.

(Doc. 12 at 13-14)

**ORDER**

Good cause appearing,

1. The stipulation for the clawback agreement is **GRANTED** except;

   i. Any party who wishes to file a document under seal or is required to do so by the clawback agreement, <u>SHALL</u> comply with Local Rules 140, 141.

IT IS SO ORDERED.

Dated:  **January 12, 2012**                              /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE