IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>vs.<br><br>REAL PROPERTY LOCATED AT 4100 EASTON DRIVE, BAKERSFIELD, KERN COUNTY, CALIFORNIA, APN:332-256-17 (FORMERLY APN: 332-253-17), INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, et al.,<br><br>  Defendants. | Case No.: 1:11-cv-01687 AWI JLT<br><br>ORDER DENYING STIPULTION TO AMEND SCHEDULING ORDER<br><br>(Doc. 18) |

Before the Court is the stipulation of Plaintiff and Defendants seeking to modify the scheduling order to extend all dates for 90 days. (Doc. 18) Though the parties note that they stipulate to this extension "to facilitate and complete full discovery," they fail to provide any reason why they need this extension or what efforts they have made to complete the needed discovery in the nearly ten months since this case was scheduled (Doc. 15).

According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations</u>, Inc., 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the

1

extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added.

Here, the parties provide no explanation why discovery cannot be concluded within the time set forth in the scheduling order and they fail to show they have diligently attempted to meet this deadline.[1]  The parties are obligated to provide a sufficient factual basis to allow the Court to make a reasoned determination.

The scheduling order advised the parties that a stipulation to amend the scheduling order, unsupported by good cause, would not be sufficient.  (Doc. 15 at 6) The order reads,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Id., emphasis in the original) Therefore, because good cause has not been shown for the requested amendment to the case schedule, the stipulation is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 22, 2012**           /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] For the most part, the Court accepted the dates counsel proposed in their joint scheduling conference report, when it drafted the scheduling order.  When it deviated, it provided *more generous* deadlines than those requested by the parties.

2