```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  HEATHER MARDEL JONES
    Assistant United States Attorney
 3  United States Courthouse
    2500 Tulare Street, Suite 4401
 4  Fresno, California 93721
    Telephone: (559) 497-4000
 5  Facsimile: (559) 497-4099

 6  Attorneys for United States
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:11-CV-01687-AWI-JLT |
| Plaintiff, | **FINAL JUDGMENT OF FORFEITURE** |
| v. | |
| REAL PROPERTY LOCATED AT 4100 EASTON DRIVE, BAKERSFIELD, KERN COUNTY, CALIFORNIA, APN:332-256-17 (FORMERLY APN: 332-253-17), INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and | |
| REAL PROPERTY LOCATED AT 4700 EASTON DRIVE, BAKERSFIELD, KERN COUNTY, CALIFORNIA, APN: 332-332-13, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendants. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1.   This is a civil action *in rem* to forfeit to the United States of America the real properties located at 4100 Easton Drive, Bakersfield, California, Kern

County, APN: 332-256-17 (formerly APN: 332-253-17), and 4700 Easton Drive, Bakersfield, California, Kern County, APN: 332-332-13, including any right, title, and interest in the whole of any lot or tract of land any appurtenances or improvements thereon (hereafter collectively "defendant real properties") and particularly described as follows:

> Parcel A of parcel map 4071, in the unincorporated area of the County of Kern, State of California according to the map filed April 11, 1977, in book 18, page 49 of parcel maps, in the office of the county recorder of said county.
> Assessors Parcel No.: 332-256-17
>  and
> Parcel B of parcel map 1417 in the city of Bakersfield, County of Kern, State of California, as per map recorded December 28, 1973 in book 8, page 96 of parcel maps, in the office of the county recorder of said county.
> Assessors Parcel No.: 332-332-13

2. A Verified Complaint for Forfeiture *In Rem* was filed on October 6, 2011, seeking the forfeiture of the defendant real properties, alleging said real properties are subject to forfeiture to the United States of America because the defendant real properties were used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 841 *et seq.*, an offense punishable by more than one year's imprisonment and are therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

3. On November 8, 2011, the defendant real properties were posted with a copy of the Complaint and Notice of Complaint in a manner consistent with the requirements of 18 U.S.C. § 985.

4. On October 14, 2011, in accordance with said Complaint, a Lis Pendens for each of the defendant real properties was filed in the chain of title. Notice of the filing of the Lis Pendens for each of the defendant real properties was filed with the Court on November 10, 2011.

5. Public notice of the forfeiture action was published on the official internet government forfeiture site www.forfeiture.gov for at least 30 consecutive days beginning December 22, 2011, as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  The Declaration of Publication was filed with the Court on March 26, 2013.

6. In addition to the publication of the forfeiture action, actual notice was personally served upon Claimant Independent Motors Service, Inc. and Claimant Nedeljko Strizak.

7. On November 29, 2011, Claimants filed a Verified Claim in this action. On December 20, 2011, Claimant filed an Answer in this action.  To date, no other parties have filed claims or answers in this matter, and the time for which any other person or entity may file a claim and answer has expired.

8. On February 22, 2013, a settlement conference was held before United States Magistrate Judge Jennifer L. Thurston, in Bakersfield, California.  A settlement was reached, and thereupon the material terms were placed on the record in open court and are fully referenced in the Stipulation for Final Order of Forfeiture filed herewith.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against Claimants Independent Motors Service, Inc. and Nedeljko Strizak,  and all other potential claimants who have not filed claims in this action.

3. Claimant Nedeljko Strizak individually and on behalf of Independent Motor Services, Inc., (hereafter collectively referred to as "Claimants," "Strizak," and/or "Nedelijko Strizak")  shall to pay to the United States the sum of

1 $1,675,000.00 as a substitute *res* in lieu of the defendant real properties not later
2 than August 1, 2013.  Claimants shall send a cashier's check in the amount of
3 $1,675,000.00 made payable to the U.S. Marshals Service to the U.S. Attorney's
4 Office, Attn: Heather Mardel Jones, Asset Forfeiture Unit, 2500 Tulare Street,
5 Suite 4401, Fresno, California 93721.  Said $1,675,000.00 shall be substituted as
6 the *res* herein, and shall be forfeited to the United States pursuant to 21 U.S.C. §
7 881(a)(7), to be disposed of according to law.  It is contemplated, though not a
8 condition herein, that Claimant may seek to refinance the defendant properties in
9 order to satisfy the agreement herein.  The United States will cooperate with
10 Claimant in any attempt to refinance the defendant properties.  The United States
11 agrees to tender to escrow Withdrawals of Lis Pendens, to be recorded concurrently
12 with payment to the United States of the substitute *res*.  Upon payment of the
13 substitute *res*, the United States agrees to forego any further action against the
14 defendant real properties based on the facts alleged in the Complaint.

15     4.    In the event the payment of $1,675,000.00 is not made by August 1,
16 2013, as provided in paragraph 3 above, the parties agree as follows:

17         a.    On or after August 1, 2013, all right, title, and interest in the
18 defendant real properties shall be forfeited to the United States, pursuant to 21
19 U.S.C. § 881(a)(7) to be disposed of according to law.

20         b.    The U.S. Marshals Service shall list the defendant real
21 properties for sale.  The U.S. Marshals Service shall have sole authority to select
22 the means of sale, including sale by internet or through a licensed real estate broker
23 and shall have sole authority over the marketing and sale of the defendant real
24 properties.

25         c.    The U.S. Marshals Service shall have the real properties
26 appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and
27 the appraiser may have access to the defendant real properties and structures,
28 buildings, or storage sheds thereon upon 24 hours telephonic notice.

        d.     If necessary, the U.S. Marshals Service, and the real estate broker or designee of the U.S. Marshals Service, shall have the right to put a "lock box" on the properties to facilitate the marketing and sale of the properties.

        e.     The following costs, expenses, and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

        (1)     The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

        (2)     Any unpaid real property taxes, which shall be prorated as of the date of entry of the Final Judgment of Forfeiture.

        (3)     A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee, and such costs of sale as the U.S. Marshals Service may incur, including, but not limited to, county transfer taxes.

        (4)     To the United States of America, the sum of $1,675,000.00. This sum shall be substituted as the *res* in this forfeiture action, and shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

        (5)     To Claimants via their attorney Phil Ganong at 924 Truxton Avenue in Bakersfield, California 93301, all amounts remaining after payments pursuant to ¶ 4(e)(1) thru (4).

        f.     Any liens or encumbrances against the defendant real properties that appear on record subsequent to recording of plaintiff's *Lis* Pendens on October 14, 2011, and prior to entry of the Final Judgment of Forfeiture herein may be paid

out of escrow from any funds remaining after payments pursuant to ¶ 4(e)(1) thru (4). The full amount paid under this provision shall be deducted from the amount to be paid out of escrow to Claimants pursuant to ¶ 4(e)(5), above.

   g. The costs of a lender's policy of title insurance (CLTA policy) shall be paid for by the buyer.

   h. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real properties.

   i. Each party to this stipulation shall execute all documents necessary to close escrow.

  5. Claimants shall maintain the defendant real properties in the same condition and repair as existed as of the date of the posting, normal wear and tear expected, until he has paid the $1,675,000.00 payment. The term "maintain" shall include, but is not limited to, keeping the properties free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the properties clean and performing such necessary sanitation and waste removal; taking all reasonable steps to ensure no violations of state or federal law occur at the properties; keeping the properties in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

  6. Until the $1,675,000.00 payment is made, Claimants shall maintain any and all loan payments and insurance policies currently in effect with respect to the properties, including policies covering liability to persons injured on said properties and for property damage to the defendant real properties. Claimants shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the U.S. Marshals Service as the secondary beneficiary of the insurance policy.

  7. Until the $1,675,000.00 payment is made, Claimants shall allow the U.S. Marshals Service personnel, or its agent, the right to enter and inspect the

1  property and all buildings thereon on a monthly basis upon 24 hours telephonic
2  notice.

3     8.    Until Claimants have paid the $1,675,000.00 in full, Claimants shall
4  not convey, transfer, encumber, lien, or otherwise pledge the defendant real
5  properties without the prior, written approval of the United States.

6     9.    In the event payment is not made by Claimants to the United States
7  pursuant to the Stipulation for Final Judgment of Forfeiture filed herewith, and
8  paragraph 4 herein becomes effective, Claimants and/or all others occupying the
9  defendant real properties shall vacate the defendant real properties within thirty
10 (30) days after receiving notice that the defendant real properties has been placed
11 for sale.  Claimants further shall remove all of his personal possessions, and the
12 personal possessions of any former occupant, including all vehicles, furniture, and
13 trash, and to leave the properties clean and in the same state of repair as the
14 properties were on the date they were posted.  Any and all of Claimants' personal
15 possessions, and the personal possessions of any former occupant, not removed
16 within thirty (30) days of his receipt of notice that the defendant real properties
17 have been placed on the market will be disposed of by the United States without
18 further notice.  Neither Claimants nor any occupant shall remove any fixtures from
19 the properties.  The failure to comply with this paragraph may result in sanctions,
20 including contempt of court.  Any cost incurred by the United States to evict
21 Claimants or any of Claimants' leasees/occupants, or for disposal of personal
22 possessions, or to repair damage to the properties, shall be deducted from the
23 payment to Claimants as set forth in ¶ 4(e)(5) above.

24     10.    That pursuant to the stipulation of the parties, and the allegations set
25 forth in the Complaint filed October 6, 2011, the Court finds that there was
26 reasonable cause for the filing of a lis pendens on each defendant real property, and
27 the commencement and prosecution of this forfeiture action, and that the Court
28 may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

11. All parties shall bear their own costs and attorneys' fees.

12. The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed October 6, 2011, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for, the filing of a lis pendens on each defendant real property and for the commencement and prosecution of this forfeiture action.

IT IS SO ORDERED.

Dated:   May 6, 2013

SENIOR DISTRICT JUDGE